**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM R. BERG,

        Petitioner-Appellant,

v.

PHIL FOSTER, Warden, ICIO;
COLORADO ATTORNEY
GENERAL,

        Respondents-Appellees.

No. 05-1126

(D. Colorado)

(D.C. No. 02-MK-1971 (BNB))

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY**, and **GORSUCH**, Circuit Judges.

## I. Introduction

After pleading guilty to aggravated robbery in Colorado state court,

William Berg filed a motion for postconviction relief, which was denied by the

state trial court. Berg appealed the denial of his motion to the Colorado Court of

Appeals and then filed a petition for certiorari with the Colorado Supreme Court.

The Colorado Court of Appeals affirmed the trial court's denial of the motion and

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

the Colorado Supreme Court denied certiorari review.  Berg then filed a petition

for habeas relief pursuant to 28 U.S.C. § 2254, in which he asserted, *inter alia*,

that his plea was entered in violation of due process because he was suffering

from a mental disorder and was under the influence of medication.  The district

court concluded these claims had not been exhausted in the state appellate courts

and dismissed the claims.  In doing so, the district court rejected the State's

concession that Berg had exhausted his state court remedies.

This court granted Berg's request for a certificate of appealability on two

interrelated issues: (1) whether the State's concession that a habeas petitioner has

exhausted his state court remedies comports with 28 U.S.C. § 2254(b)(3), which

requires that the State expressly waive the exhaustion requirement; and (2) if it

does not, whether Berg's claims regarding the voluntariness of his plea were

exhausted in the Colorado state courts.  Exercising jurisdiction pursuant to 28

U.S.C. §§ 1291 and 2253, this court **reverses** the dismissal of claims one and two

of Berg's habeas petition and **remands** the matter to the district court for further

proceedings not inconsistent with this opinion.

## II. Background

Berg pleaded guilty in Colorado state court to one count of aggravated

robbery and was sentenced to thirty-two years in prison.  Berg challenged his

sentence on direct appeal and the sentence was affirmed by the Colorado Court of

Appeals.  Berg then filed a motion for postconviction relief in state court,

pursuant to Colorado Rule of Criminal Procedure 35(c). In his motion, he argued, *inter alia*, that his guilty plea was not entered voluntarily and intelligently because, at the time of the plea, he was suffering from a mental disorder and was under the influence of psychotropic drugs. He argued his guilty plea was therefore accepted in violation of his constitutional rights to due process and equal protection. The trial court denied the motion without a hearing, finding Berg's claims regarding the voluntariness of his plea had been raised and decided on direct appeal.

Berg appealed the order denying postconviction relief. In his brief to the Colorado Court of Appeals, he argued the trial court erred in (1) concluding the issues raised in his motion for postconviction relief had been previously raised on direct appeal and (2) ruling on his motion without an evidentiary hearing. In the facts section of his brief, he characterized his underlying claim as an argument "that at the time he entered his guilty plea, he was suffering from mental illness, was heavily medicated, and that his plea was therefore not knowingly and voluntarily entered." Berg also stated in the body of his brief that the allegations contained in his postconviction motion involved "matters of his mental state and condition at the time of entering his plea." In response, the State conceded the trial court erred in finding Berg had challenged the validity of his plea on direct appeal. The State nevertheless argued it was proper for the trial court to decide the claim without a hearing because there was no support in the record for Berg's

claim that his plea was constitutionally invalid. The Colorado Court of Appeals affirmed the denial of the postconviction motion without an evidentiary hearing. The court concluded no hearing was necessary on Berg's claim that his guilty plea was invalid "[b]ecause [Berg's] allegations in his motion were conclusory at best, and because the record of the providency hearing demonstrates that [Berg] was lucid and understood the proceedings."

Berg then filed a petition for certiorari with the Colorado Supreme Court. In the petition, Berg argued the Colorado Court of Appeals erred in affirming the trial court's dismissal of his motion for postconviction relief without a hearing because the motion and record did not clearly establish that his claims regarding the involuntariness of his plea were without merit. The petition used language identical to that used in the brief to the Colorado Court of Appeals to characterize the underlying claims. Specifically, he explained the allegations "involved matters of his mental state and condition at the time of entering his plea," including a claim "that at the time he entered his guilty plea, he was suffering from mental illness, was heavily medicated, and that his plea was therefore not knowingly and voluntarily entered." The Colorado Supreme Court denied the petition for certiorari review without issuing an opinion.

After the denial of certiorari review, Berg filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Colorado. In the habeas petition, Berg asserted ten claims for

relief, of which only two are at issue in this appeal. In claim one, Berg asserted his guilty plea was accepted in violation of his constitutional rights to due process and equal protection because he was suffering from a mental disorder which rendered him unable to enter a voluntary and intelligent plea. In claim two, Berg asserted the acceptance of his guilty plea violated his due process and equal protection rights because he was under the influence of psychotropic medication and was not lucid at the time the plea was entered. In its amended answer to the habeas petition, the State expressly stated these two claims had been presented to the state trial court, the Colorado Court of Appeals, and the Colorado Supreme Court, and were exhausted. It then addressed the merits of the claims.[1]

The magistrate judge recommended the denial of Berg's habeas petition on all ten claims. As to claims one and two, the magistrate judge rejected the State's assertion that the claims had been exhausted in the Colorado state courts and concluded the substance of these claims had not been raised in either the Colorado Court of Appeals or the Colorado Supreme Court. The district court adopted the recommendation of the magistrate judge and concluded Berg had not exhausted his state court remedies as to claims one and two. In doing so, it concluded the State's concession of exhaustion did not constitute an express

---

[1]The State also argued the habeas petition should be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1). The magistrate judge and district court concluded the petition was timely filed, however, and this conclusion is not challenged on appeal.

waiver under § 2254(b)(3) and was not binding on the State. It then concluded the claims were procedurally defaulted because the state statute of limitation would bar the assertion of the claims in a new postconviction motion in the state courts. *See* Colo. Rev. Stat. § 16-5-402(1).[2]

## III. Analysis

### A. Jurisdiction

Before addressing the merits of this appeal, this court must first determine whether we have jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause." (quotation omitted)). "The filing of a timely notice of appeal is an absolute prerequisite to our jurisdiction." *Parker v. Bd. of Pub. Utils.*, 77 F.3d 1289, 1290 (10th Cir. 1996). Here, the deadline for the filing of the notice of appeal was March 10, 2005, thirty days after the district court's February 8, 2005, order denying the habeas petition. *See* Fed. R. App. P. 4(a)(1)(A). The notice of appeal was not filed, however, until March 11, 2005.[3]

---

[2]The district court also dismissed Berg's other eight claims, concluding six were unexhausted and procedurally defaulted and the remaining two did not warrant relief on the merits. *See Harris v. Champion*, 48 F.3d 1127, 1131 n.3 (10th Cir. 1995) (explaining that if unexhausted claims would be procedurally barred in state court, "the court can deem the unexhausted claims procedurally barred and address the properly exhausted claims"). On appeal, Berg challenges only the dismissal of claims one and two.

[3]Although Berg mistakenly filed the notice of appeal in this court rather than in the district court as required by Federal Rule of Appellate Procedure

(continued...)

Pursuant to the prisoner mailbox rule, an inmate's notice of appeal is deemed timely "if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1). The rule provides that "[t]imely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." *Id.* The rule also states "[i]f an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule." *Id.* Although Berg submitted a prison mail log indicating he sent a piece of mail to the Clerk of the Tenth Circuit Court of Appeals on March 8, 2005, he did not initially submit a 28 U.S.C. § 1746 declaration or a notarized statement including the date of deposit and a statement that first-class postage had been paid. This court ordered the parties to address whether Berg would nevertheless be entitled to the benefit of the prisoner mailbox rule because he used the prison's legal mail system to file the notice of appeal. Because Berg subsequently submitted a declaration and notarized statement complying with Federal Rule of Appellate Procedure 4(c)(1),[4]

_____

[3](...continued)
4(a)(1), a notice of appeal is considered filed in the district court on the date it is received by the court of appeals. Fed. R. App. P. 4(d).

[4]This court grants Berg's Motion to Submit § 1746 Declaration and Motion to Submit Notarized Statement Pursuant to Rule 4(c)(1).

this court need not decide whether the use of a legal mail system is alone sufficient.

Even where an appellant's notice of appeal does not initially comport with the provisions of Rule 4(c)(1), this court has jurisdiction if the appellant "has subsequently filed a declaration or notarized statement that does." *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004). This court has stated only that such attestation must be filed before the case is resolved. *Id.* at 1144 n.4. In this case, Berg has submitted a declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 and a notarized statement, each of which states the notice of appeal was deposited in the prison's internal mail system designed for legal mail on March 8, 2005, and that first-class postage was prepaid. Thus, Berg has complied with Rule 4(c)(1) and his notice of appeal is timely. This court therefore has jurisdiction over the appeal.

## B. Exhaustion

"In an appeal of the dismissal of a federal habeas corpus petition, we review a district court's findings of fact for clear error and its conclusions of law *de novo*." *Burger v. Scott*, 317 F.3d 1133, 1137 (10th Cir. 2003). The question of whether a habeas petitioner has exhausted available state court remedies is a question of law subject to *de novo* review. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Whiteley v. Meacham*, 416 F.2d 36, 39 (10th Cir. 1969), *rev'd on other grounds sub nom. Whiteley v. Warden*, 401 U.S. 560 (1971).

Berg presents two separate arguments in support of his assertion that the district court erred in dismissing his habeas petition. Berg first argues the State's express statement in its brief that Berg had exhausted the claims in state court was a binding waiver and the district court abused its discretion in failing to give effect to this waiver. Alternatively, Berg contends that even if the State's statement regarding exhaustion was not a binding waiver, Berg did in fact exhaust his claims by presenting them to the Colorado appellate courts. The State argues its concession should not be treated as a binding waiver because it was based on the erroneous legal premise that fair presentation of a claim in the trial court was sufficient to satisfy the exhaustion requirement. *See Day v. McDonough*, 126 S.Ct. 1675, 1684-85 (2006) (allowing district court to *sua sponte* consider timeliness where State's concession was based on an "inadvertent error"). The Supreme Court has recently clarified that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief" filed in that court to be made aware of the federal claim. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Because Berg actually exhausted his claims in state court, it is unnecessary to determine whether the concession qualified as a waiver under 28 U.S.C. § 2254(b)(3) and whether this purported waiver precludes the application of the exhaustion defense.

A state prisoner generally must exhaust all available state court remedies before seeking a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1);

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied when a federal claim has been "fairly presented to the state courts," such that the State has had "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quotation omitted). The petitioner must have invoked "one complete round of the State's established appellate review process," including a petition for discretionary review to the state's highest court when such review is available. *O'Sullivan*, 526 U.S. at 845. Although fair presentation does not require the petitioner to "cite book and verse on the federal constitution," the petitioner must raise the substance of the federal claim in state court. *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (quotation omitted). In other words, state courts must be "alerted to the fact that the prisoner[] [is] asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).

Even assuming the State did not waive the exhaustion requirement in this case, Berg's amended opening brief in the Colorado Court of Appeals and his petition for certiorari review to the Colorado Supreme Court indicate his federal due process claims regarding the voluntariness of his plea were fairly presented at each level of the state court system.[5] In his brief to the Colorado Court of Appeals, Berg summarized the claims he had presented to the trial court in

[5]The State concedes claims one and two of Berg's habeas petition were fairly presented to the state trial court in his postconviction motion.

support of postconviction relief, including the argument "that at the time he entered his guilty plea, he was suffering from mental illness, was heavily medicated, and that his plea was therefore not knowingly and voluntarily entered." In the argument section of the brief, Berg repeated this language to characterize his underlying claim and further asserted his postconviction motion included allegations involving "matters of his mental state and condition at the time of entering his plea." The State addressed the merits of Berg's claims in response, arguing the record refuted his claim that his plea was constitutionally invalid.

Further, it is readily apparent from the opinion of the Colorado Court of Appeals that the court fully understood Berg to be asserting a claim that his plea was involuntary. The court expressly recognized Berg's underlying claim as an "allegation that his guilty plea had not been entered knowingly and voluntarily." It then discussed the record of the plea proceeding, noting the trial court's questions as to whether Berg was under the influence of medication and Berg's response that the medication would not affect his understanding. The court ultimately affirmed the denial of the postconviction motion based on its conclusion that Berg adequately understood the proceedings and that the allegations in Berg's motion were inadequate to support a claim. Thus, this is not a case in which it is necessary to look beyond the brief filed in the court of appeals to identify the federal claim asserted by Berg. *See Baldwin*, 541 U.S. at

-11-

Rather, it is evident from the appellate brief itself, as well as from the opinion issued by the Colorado Court of Appeals, that Berg's claims relating to the validity of his plea were fairly presented in his appeal.[6]

While Berg did not explicitly label his claims as federal due process claims in his appellate brief, his failure to do so is not determinative. *See Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989) ("[A] failure to invoke talismanic language . . . should not be the basis for a finding of nonexhaustion."). All that is required is that the state court is alerted to the federal nature of the claim. *Duncan*, 513 U.S. at 365-66. Where the claims are asserted "in terms so particular as to call to mind a specific right protected by the Constitution," the state court has been sufficiently alerted. *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999) (quotation omitted); *see also Bowser v. Boggs*, 20 F.3d 1060, 1063 (10th Cir. 1994) (concluding claims were exhausted where "[t]he federal quality of the rights asserted was sufficiently discernible," despite the petitioner's failure to label the claims as "federal" in state court). In this case, Berg's assertion that his plea was not knowingly and voluntarily entered is properly read

[6]The Colorado Court of Appeals only specifically referenced Berg's allegation that his plea was rendered involuntary by his medication. In Berg's brief, however, the assertion that he was heavily medicated appeared in the same sentence as the assertion that he was suffering from mental illness. Thus, if the Colorado Court of Appeals was aware of his claim relating to medication, it must also have been aware of the claim relating to mental illness. Further, while not specifically referencing Berg's allegations as to mental illness, the Colorado Court of Appeals' opinion mentions Berg's "mental situation" and "mental illness" in discussing the adequacy of the plea proceeding.

as a claim that his federal due process rights had been violated. *Miles v. Dorsey*, 61 F.3d 1459, 1465-66 (10th Cir. 1995) ("The general voluntary-intelligent standard for plea taking is rooted in the due process clauses of the Constitution and is therefore applicable in both state and federal courts." (quotation omitted)).

In determining Berg did not raise the substance of his claims in his brief to the Colorado Court of Appeals, the magistrate judge characterized his arguments as procedural, noting the primary issues raised were (1) whether the district court erred in finding the claims had already been raised and decided on direct appeal and (2) whether the district court erred in summarily denying the postconviction motion without a hearing. Under Colorado Rule of Criminal Procedure 35(c)(3), however, a petitioner is entitled to an evidentiary hearing "unless the motion, the files, and the record of the case clearly establish that the allegations presented in the defendant's motion are without merit and do not warrant postconviction relief." *White v. Denver Dist. Court*, 766 P.2d 632, 634 (Colo. 1988) (quotation omitted). Therefore, to conclude Berg was not entitled to an evidentiary hearing, it was necessary for the court to first consider the merits of Berg's federal constitutional claims and determine the claims were without merit. Although the list of issues presented in Berg's brief to the Colorado Court of Appeals frames his arguments in procedural terms, the body of the brief fairly "raised the 'substance' of the federal claim." *Bland*, 459 F.3d at 1011. Indeed, because the state trial court had summarily denied his motion without an evidentiary hearing,

-13-

Berg could have done no more to present the substance of his claims than to restate the allegations and argue these allegations entitled him to an evidentiary hearing on the matter.

The State argues that even if Berg's brief to the Colorado Court of Appeals fairly presented a federal claim, that claim was different than the claim presented to the state trial court and raised in Berg's federal habeas petition. *Bland*, 459 F.3d at 1011 ("[P]etitioner cannot assert entirely different arguments from those raised before the state court."); *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (explaining "a state appellate court [must have] the opportunity to rule on the same claim presented in federal court"). The State contends Berg's habeas petition asserts the claim that he was legally incompetent to enter a valid plea, while his brief to the Colorado Court of Appeals asserted only that his plea was involuntary as a matter of fact. This court sees no basis for this distinction. Claims one and two of Berg's habeas petition assert the following: (1) "[t]he defendant suffers from a debilitating Mental Disorder and was at the time incompetant [sic] to plea [sic] in a [sic] intellegent [sic] or voluntary manner"; and (2) "the defendant was under the influence of an extremely large amount of pschycotropic [sic] tranquilizing medication and was not lucid at the time he entered his plea." Each of the claims, when read in context, is fairly understood as a claim that the plea was constitutionally invalid because it was not knowingly and voluntarily entered. *See Godinez v. Moran*, 509 U.S. 389, 400 (1993) ("In

addition to determining that a defendant who seeks to plead guilty . . . is competent, a trial court must satisfy itself that the waiver of his constitutional rights is knowing and voluntary.").  Such claims are identical to those raised before the Colorado Court of Appeals.

To properly exhaust a claim, a prisoner must not only present the claim to the state court of appeals, but must also present the claim to the state's highest court if review from that court is available.  *O'Sullivan*, 526 U.S. at 845. Colorado Appellate Rule 51.1(a) provides:

> In all appeals from criminal convictions or post-conviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.  Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Berg argues this rule renders review from the Colorado Supreme Court unavailable such that presentation of his claims to the Colorado Supreme Court was not necessary to satisfy the exhaustion requirement.  Relying on Justice Souter's concurrence in *O'Sullivan*, 526 U.S. at 849-50 (Souter, J., concurring), four circuits have concluded similar state court rules have such an effect.  *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).  This

-15-

court need not address the validity and effect of Rule 51.1(a) in this case, however, because even in the absence of the rule, Berg's claims were adequately presented to the Colorado Supreme Court in his petition for certiorari review.

Like Berg's brief to the Colorado Court of Appeals, his petition for writ of certiorari filed in the Colorado Supreme Court set forth the substance of his federal claims that his plea was entered in violation of his due process rights. While Berg again framed the issue for review in terms of whether it was error to deny his motion for postconviction relief without a hearing, the body of the brief contained language identical to that included in the brief to the Colorado Court of Appeals. In the petition for certiorari, Berg explained the allegations in his postconviction motion "involved matters of his mental state and condition at the time of entering his plea." He also asserted the postconviction motion had alleged "with the requisite detail . . . that at the time he entered his guilty plea, he was suffering from mental illness, was heavily medicated, and that his plea was therefore not knowingly and voluntarily entered." For the same reasons this language was sufficient to alert the Colorado Court of Appeals to the merits of Berg's federal claim, it was sufficient to fairly present the federal claims to the Colorado Supreme Court. Contrary to the State's contention that the Colorado Supreme Court would have been aware of the federal claim only by looking to the postconviction motion filed in the trial court, the substance of the federal claim was set forth on the face of the petition to the Colorado Supreme Court itself.

Accordingly, the state courts were given a full and fair opportunity to resolve Berg's constitutional claims in the first instance and his claims are therefore exhausted. *See O'Sullivan*, 526 U.S. at 845. The district court erred in concluding Berg had failed to exhaust state court remedies as to claims one and two of the habeas petition. Because claims one and two were exhausted in the state courts, the procedural bar applied by the district court is inapplicable to these claims and the claims must be addressed on the merits.

## IV. Conclusion

For the foregoing reasons, this court **reverses** the district court's dismissal of claims one and two of Berg's petition for habeas relief. The case is **remanded** for further proceedings not inconsistent with this opinion.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge