FILED
United States Court of Appeals
Tenth Circuit

October 14, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM R. BERG,

     Petitioner - Appellant,

v.

PHIL FOSTER, Warden, ICIO;
COLORADO ATTORNEY
GENERAL,

     Respondents - Appellees.

No. 10-1216
(D.C. No. 1:02-CV-01971-CMA-BNB)
(D. Colo.)

---

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

---

Petitioner-Appellant William Berg, a Colorado state inmate represented by

counsel, requires a certificate of appealability ("COA") allowing him to appeal

the district court's denial of his 28 U.S.C. § 2254 habeas petition and the denial

of an evidentiary hearing. Although Mr. Berg did not make a formal request for a

COA, his notice of appeal suffices. Fed. R. App. P. 22(b)(2). Because we

conclude that Mr. Berg has failed to make "a substantial showing of the denial of

a constitutional right," we deny a COA, and dismiss the appeal. 28 U.S.C.

§ 2253(c)(2).

For this court to issue a COA on habeas claims denied on the merits, Mr.

Berg "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For claims denied on procedural grounds, Mr. Berg must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Id.

## I. Background

The parties are familiar with the facts and we need not restate them here. Mr. Berg contends that his guilty plea was not entered voluntarily and intelligently because, at the time of the plea, he was suffering from a mental disorder and under the influence of psychotropic drugs. This claim was presented to the Colorado courts in the context of a post-conviction Colo. R. Crim. P. 35(c) motion. Mr. Berg also requested an evidentiary hearing. The Colorado Court of Appeals rejected this claim. It held that the allegations were belied by the record and did not require a hearing. IV R. App. E.

This court previously reversed the federal district court's initial conclusion that Mr. Berg failed to exhaust state remedies on this claim. Berg v. Foster, 244 F. App'x 239, 247 (10th Cir. 2007). On remand, the federal district court concluded that Mr. Berg had not shown that he diligently pursued the factual development of this claim in state court, and thus evaluated his request for an

evidentiary hearing under the more stringent 28 U.S.C. § 2254(e)(2). See M. Williams v. Taylor, 529 U.S. 420, 429-32 (2000); Miller v. Champion, 161 F.3d 1249, 1252-53 (10th Cir. 1998). After concluding that Mr. Berg could not make the requisite showing for an evidentiary hearing, the district court denied his claim on the merits. The district court held that the state court's rejection of it was not based upon an unreasonable determination of the facts or contrary to federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1) & (2).

## II. Discussion

On appeal, Mr. Berg argues that he was diligent in seeking to develop the factual basis of this claim, and therefore the district court's reliance upon the standards of § 2254(e)(2) was incorrect. He further argues that his claims are not contravened by the existing factual record, save his own unreliable statements at the state providency hearing on the plea. He reminds us that a guilty plea must be entered knowingly and voluntarily and that in some cases facts outside a plea colloquy (that appears regular on its face) will indicate that a plea is not knowing and voluntary. See Blackledge v. Allison, 431 U.S. 63, 78 (1977); Boykin v. Alabama, 395 U.S. 238, 242-243 (1969); Sanders v. United States, 373 U.S. 1, 19-20 (1963).

In addition to requesting a hearing, a petitioner is responsible for some development of the facts to warrant a hearing. See M. Williams v. Taylor, 529

-3-

U.S. 420 at 432; Cannon v. Mullen, 383 F.3d 1152, 1176 (10th Cir. 2004). Though Mr. Berg repeatedly requested trial court records and transcripts, Mr. Berg did not satisfactorily explain how those items would establish the factual basis of his claims in light of the underlying plea and the circumstances surrounding it. Nor did he produce or seek any other probative evidence regarding his mental illness or the quantity or effects of drugs he was taking until his federal habeas proceedings. Given the deferential standard of review attendant to habeas proceedings, we see no basis for overturning the Colorado Court of Appeals' conclusion that Mr. Berg's request for a hearing did not comply with Colorado law, and the federal district court was so bound.

Likewise, given the colloquy at the plea hearing, V R. sub-vol. IV, pure speculation supports the notion that Mr. Berg was unable to understand the proceedings or consult with his lawyer. Contra Dusky v. United States, 362 U.S. 402, 402 (1960) (finding inadequate evidence on the record that a defendant was competent to stand trial). Mr. Berg responded appropriately and definitely to the various and numerous questions in a thorough colloquy. Mr. Berg faults the state trial court for not taking further steps to ensure that he was capable of entering a valid guilty plea. Aplt. Br. at 48. Yet, the trial court specifically inquired and Mr. Berg advised the court that he had been treated for post-traumatic stress disorder, was taking medication, and that he understood what was going on notwithstanding the effect of that medication. V R. sub-vol. IV at 6.

-4-

Accordingly, the district court's denial of an evidentiary hearing was not based on an erroneous conclusion of law. See Boyle v. McKune, 544 F.3d 1132, 1136 (10th Cir. 2008) (citing Barkell v. Crouse, 468 F.3d 684, 693-95 (10th Cir. 2006) (noting that "whether a petitioner has shown 'a lack of diligence' in failing to obtain an evidentiary hearing is a question of federal law decided by the federal habeas courts")).

We DENY a COA and DISMISS the appeal. Mr. Berg's unopposed motion to seal part of the record is GRANTED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge