FILED
United States Court of Appeals
Tenth Circuit

July 22, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JASON BROOKS,

      Petitioner - Appellant,

v.

LOU ARCHULETA, Warden; CYNTHIA
COFFMAN, the Attorney General of the
State of Colorado,

      Respondents - Appellees.

No. 15-1209
(D.C. No. 1:14-CV-02276-CBS)
(D. Colorado)

_____

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Jason Brooks filed a federal habeas petition pursuant to 28 U.S.C. § 2254

seeking relief from his Colorado state court conviction for securities fraud. A United

States Magistrate Judge, sitting pursuant to the consent of the parties, dismissed in

part and denied in part the petition. Proceeding pro se,[1] Mr. Brooks now asks this

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Brooks is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But we will not undertake the role of advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of

court for a certificate of appealability (COA) to allow him to appeal these decisions. For the reasons we explain, we deny Mr. Brooks a COA and dismiss the matter.

## I. BACKGROUND

The state of Colorado indicted Mr. Brooks on twenty-five counts of securities fraud and one count of theft. He pled guilty to four of the securities fraud counts and agreed to pay a set amount of restitution. In exchange, the state agreed to dismiss the remaining charges. Immediately before sentencing, Mr. Brooks, who claimed to be unaware that evidence related to the dismissed counts could be used against him at sentencing, advised his attorney that he wished to withdraw his plea agreement. According to Mr. Brooks, his attorney advised him that he could not do so. Thus, Mr. Brooks did not move to withdraw his plea and the court sentenced him to 32 years' imprisonment.

Mr. Brooks filed a direct appeal with the Colorado Court of Appeals, but subsequently dismissed it. He then filed a motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, in which he asserted five claims for relief: (1) "Counsel was ineffective by misadvising Defendant of the effect of the plea;" (2) "Counsel was ineffective for failing to consult or employ a Securities Fraud, Business Law, and/or Contract Law expert;" (3) "Counsel was ineffective at Sentencing;" (4) "Counsel was ineffective when the errors are

---

liberal construction stops, however, at the point at which we begin to serve as his advocate.").

considered cumulatively;" and (5) the trial court erred in the advisement of penalties. Mr. Brooks also alleged his trial counsel erroneously told him he could not withdraw his guilty plea prior to the sentencing hearing.

The state trial court denied Mr. Brooks's motion and Mr. Brooks appealed this denial to the Colorado Court of Appeals. On direct review, the Colorado Court of Appeals determined that Mr. Brooks had appealed only the trial court's rejection of his claim that trial counsel was deficient for erroneously advising him he could not withdraw his plea, and limited its inquiry accordingly. Turning to the merits, the court determined Mr. Brooks was not entitled to relief on this claim because he could not establish that, but for counsel's allegedly erroneous advice, the result of the proceeding would have been different as required by *Strickland v. Washington*, 446 U.S. 668 (1984). The court reasoned that under Colorado law, a defendant is permitted to withdraw his or her plea only where there exists "a fair and just" reason for withdrawal. *See Kazadi v. People*, 291 P.3d 16, 21 (Colo. 2012); *see also* Colo. R. Crim. P. 32(d).[2] Although Mr. Brooks claimed he was "under the impression that the only victims that would be allowed to file victim impact statements were the victims of the charges he was pleading to and not . . . the victims of the charges that were dismissed," the Colorado Court of Appeals credited the state trial court's finding that

---

[2] For example, "Such a showing includes instances where a defendant was surprised or influenced into a plea of guilty to which the person had a defense; where a plea of guilty was entered by mistake or under a misconception of the nature of the charge; where such plea was entered through fear, fraud, or official misrepresentation; where it was made involuntarily; or where ineffective assistance of counsel occurred in the process." *Kazadi v. People*, 291 P.3d 16, 21 (Colo. 2012).

Mr. Brooks was aware that harm to victims of dismissed counts could be used at sentencing. Thus, the Colorado Court of Appeals concluded that even if Mr. Brooks had filed a motion to withdraw his plea, the motion would not have been granted. As a result, it held Mr. Brooks's ineffective assistance of counsel claim failed because he could not establish that, but for counsel's alleged deficient performance, the result of the proceeding would have been different.

Mr. Brooks then filed an application for habeas relief in the United States District Court for the District of Colorado, reasserting the claims raised in his initial motion for postconviction relief. Specifically, he brought eight claims:

(1) trial counsel was ineffective by "failing to consult or employ a securities fraud, business fraud, business law, or contract law expert because counsel was not proficient in the . . . applicable substantive and procedural laws of securities fraud" (Claim One);

(2) trial counsel was ineffective by "misadvising the applicant of the effect of his plea" (Claim Two);

(3) trial counsel was ineffective by "providing inadequate representation at sentencing" (Claim Three);

(4) trial counsel was ineffective and violated due process by "erroneously telling the applicant he could not withdraw his guilty plea prior to sentencing" (Claim Four);

(5) the trial court violated due process by "failing to properly advise the applicant of the effect of his plea" (Claim Five);

(6) the state trial court violated due process "by denying [Mr. Brooks] postconviction relief based on inaccurate and incomplete information" (Claim Six);

(7) the Colorado Court of Appeals violated due process by "deciding to deny . . . postconviction relief based on inaccurate and incomplete information" (Claim Seven); and

(8) trial counsel was ineffective "when the errors are considered cumulatively" (Claim Eight).

4

In a thorough and well-reasoned opinion, the Magistrate Judge dismissed all of Mr. Brooks's claims, with the exception of the portion of Claim Four alleging ineffective assistance of counsel in advising Mr. Brooks he could not withdraw his plea. Specifically, the Magistrate Judge concluded that Claims One, Two, Three, Five, Eight, and the due process portion of Claim Four were procedurally barred because, after the state trial court dismissed these claims, Mr. Brooks failed to fairly present them to the Colorado Court of Appeals for appellate review. The Magistrate Judge further held that Claims Six and Seven should be dismissed because there is no federal constitutional right to postconviction review in the state courts. Then, turning to the merits of the ineffective assistance portion of Claim Four, the Magistrate Judge concluded Mr. Brooks was not entitled to habeas relief because the Colorado Court of Appeals had reasonably determined he was not prejudiced by counsel's alleged deficiencies. Accordingly, the Magistrate Judge dismissed in part and denied in part Mr. Brooks's habeas petition. Mr. Brooks sought reconsideration, which the Magistrate Judge denied. Mr. Brooks now seeks a COA from this court to appeal these decisions.

## II. ANALYSIS

To obtain a COA, Mr. Brooks must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, he must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In his request for a COA, Mr. Brooks asserts that reasonable jurists would debate the Magistrate Judge's resolution on the merits of his ineffective assistance of counsel claim contained in Claim Four, as well as the Magistrate Judge's exhaustion ruling with respect to Claims One, Two, Three, Five, and Eight.[3] We consider each contention in turn.

### A. Reasonable jurists would not debate whether Mr. Brooks is entitled to habeas relief on Claim Four.

We turn first to the merits of the ineffective assistance portion of Claim Four, the only claim the Magistrate Judge considered to be exhausted. In this claim, Mr. Brooks persists in his contention that trial counsel was ineffective for "erroneously telling . . . [him] he could not withdraw his guilty plea prior to sentencing." But Mr. Brooks is entitled to habeas relief only if he can show the state court's resolution of this claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as

---

[3] Mr. Brooks does not challenge the Magistrate Judge's dismissal of Claims Six and Seven, nor does he contest the district court's dismissal of the due process claim contained in Claim Four. Therefore, we do not consider these claims further.

6

determined by the Supreme Court;" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In evaluating the state court's resolution, we presume its factual determinations are correct "absent clear and convincing evidence to the contrary." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (citation omitted). "[A]nd a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Id.* (citation omitted).

In challenging the Colorado Court of Appeals' resolution of this claim, Mr. Brooks argues that the relevant clearly established federal law is the framework set forth in *Hill v. Lockhart*, 474 U.S. 52 (1985). In *Hill*, the Supreme Court held that to establish prejudice under *Strickland* in challenging a guilty plea based on ineffective assistance of counsel, a defendant must demonstrate a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty but would instead have insisted on going to trial. *Id.* at 59. According to Mr. Brooks, he would not have pled guilty and would have insisted on going to trial had he known the sentencing court could consider victims of dismissed counts. Thus, he contends the Colorado Court of Appeals unreasonably determined he was not prejudiced.

But as the Magistrate Judge explained, *Hill* is not applicable here because Mr. Brooks's allegation in Claim Four is that he would have attempted to *withdraw* his

7

guilty plea if counsel had not advised him—post plea agreement—that he could not

do so. For this reason, the relevant prejudice inquiry is not whether Mr. Brooks

would have pled guilty in the first place, but whether Mr. Brooks could have

successfully withdrawn his plea.[4] By focusing its analysis accordingly, the Colorado

Court of Appeals unquestionably applied the correct legal standard.

Likewise, we agree with the Magistrate Judge that the Colorado Court of

Appeals' determination that Mr. Brooks was not prejudiced because he did not

establish a "fair and just" reason to withdraw his plea is supported by sufficient facts.

Indeed, the state trial court specifically found Mr. Brooks was aware that evidence

related to the dismissed counts could be introduced at sentencing because, among

other things, (1) the signed plea agreement provided that additional evidence could

be submitted to the trial court prior to sentencing; (2) Mr. Brooks specifically agreed

to a restitution amount that included sums owed to individuals on dismissed counts,

and; (3) before being sentenced, Mr. Brooks submitted a letter to the court indicating

awareness that his actions had impacted all victims reflected in the restitution

agreement, which included victims of the dismissed charges.

In an effort to discredit these factual findings, Mr. Brooks argues two facts

show he was not aware the court could consider evidence from victims of dismissed

counts at sentencing. First, he notes he previously rejected a different plea agreement

---

[4] *Hill* could have relevance to Claim Two, in which Mr. Brooks asserts counsel failed to advise him of the effect of his plea. But as we explain below, Mr. Brooks failed to exhaust Claim Two, thereby precluding review of this claim in federal court.

that included counts related to some of these victims. Second, he directs our attention to the following statement he made at sentencing:

> However, they do not sit behind me as victims. They sit behind me as my parents, yes, but also as investors who're yet to be paid back. Just as the other 61 people who are not listed in any of the charges that I am pleading to today. . . . I need to remind everyone in this courtroom that I'm pleading to four individual counts of securities fraud involving four people.

Even if this evidence could be viewed as supporting Mr. Brooks's claim he was not aware the court could consider evidence related to the dismissed counts at sentencing, they fall far short of overcoming the statutory presumption of correctness we afford the state court's contrary finding. Thus, the Colorado Court of Appeals' determination that the result of the proceeding would not have been different, irrespective of counsel's alleged deficient performance, was not objectively unreasonable in light of the evidence. For this reason, reasonable jurists would not debate that the Magistrate Judge correctly denied Mr. Brooks habeas relief on Claim Four for ineffective assistance of counsel, and Mr. Brooks is not entitled to a COA on this issue.

### B. Reasonable jurists would not debate that Mr. Brooks failed to exhaust Claims One, Two, Three, Five, and Eight.

We now consider whether reasonable jurists could debate whether Mr. Brooks properly exhausted his remaining claims. "A party exhausts a claim in state court when it has been 'fairly presented.'" *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "'Fair

9

presentation,' in turn, requires that the petitioner raise in state court the 'substance' of his federal claims." *Id.* (quoting *Picard*, 404 U.S. at 278). To have properly presented his claim in state court, the petitioner must have presented his claim through one "complete round of the State's established appellate review process." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (internal citations and quotation marks omitted). Although the exhaustion requirement is not jurisdictional, it is "strictly enforced." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). It may be avoided only if "the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008).

We have carefully considered Mr. Brooks's Opening Brief to the Colorado Court of Appeals, in which he challenged the state trial court's denial of his request for postconviction relief. We think it beyond reasonable debate that Mr. Brooks did not fairly present Claims One, Two, Three, Five, or Eight.[5] For instance, in Claim Two, Mr. Brooks asserts that counsel was deficient by failing to instruct him that the sentencing court could consider victims of dismissed charges. Although Mr. Brooks raised this claim in his initial motion for postconviction relief, he did not fairly reassert the substance of it to the Colorado Court of Appeals as required to properly

---

[5] In reaching this conclusion, we note that Mr. Brooks was appointed legal counsel in his appeal of the denial of postconviction relief. Accordingly, the Colorado Court of Appeals was under no obligation to read his Opening Brief with any special liberality. *Cf. People v. Bergerud*, 223 P.3d 686, 696–97 (Colo. 2010) (broadly construing a pro se defendant's papers "to ensure he is not denied review of important constitutional issues simply for his inability to articulate his concerns within the legal lexicon").

exhaust it. To the contrary, the only substantive legal analysis contained in Mr.

Brooks's Opening Brief relates to Claim Four: that counsel was deficient for

erroneously advising him that he could not withdraw his plea.[6] Mr. Brooks's Opening

Brief did contend—as a factual matter—that he was not aware the court could

consider the impact on victims of dismissed offenses at sentencing and this

discussion was relevant to Claim Four because, if true, might provide Mr. Brooks

with a "fair and just" reason for withdrawing his plea. *See Kazadi*, 291 P.3d at 21.

But Mr. Brooks's reference to these facts in arguing the merits of Claim Four does

not constitute fair presentment of Claim Two, a related but wholly different claim for

relief.[7] *See, e.g.*, *Schempp v. Lucre Mgmt. Grp., LLC*, 75 P.3d 1157, 1161 (Colo.

App. 2003) (holding that a party must inform the court as to the specific errors relied

upon, supporting facts in the record, and legal authority supporting claims, and

refusing to consider an issue that was inadequately briefed). *Compare Robertson v.*

---

[6] Mr. Brooks's Opening Brief states that in his motion for postconviction relief, Mr. Brooks "claimed he was denied his constitutional right to counsel by the public defender's failure to advise him that the unproven allegations charged in the dismissed counts would be used against him at sentencing." But mere recitation of a claim previously raised, without corresponding legal analysis, is insufficient to fairly present the issue to the Colorado Court of Appeals. *Cf. Wilkinson v. Timme*, 503 F. App'x 556, 560 (10th Cir. 2012) (unpublished opinion) (holding that referencing or implicitly incorporating a supplemental motion filed in the trial court fails to satisfy the fair presentation requirement).

[7] Similarly, we reject Mr. Brooks's argument that the Magistrate Judge erred when he, like the Colorado Court of Appeals, considered facts related to Claim Two in resolving Claim Four. As explained, whether Mr. Brooks was aware that victims of dismissed counts would be considered at sentencing is relevant to the resolution of Claim Four, and the Magistrate Judge was therefore correct in considering the Colorado Court of Appeals' findings of fact on this issue.

11

*Roberts*, 386 F. App'x 797, 805 (10th Cir. 2010) (unpublished opinion) (holding that raising a related theory before a state court is insufficient to meet the fair presentation standard), *with Berg v. Foster*, 244 F. App'x 239, 245 (10th Cir. 2007) (holding that a claim was exhausted where the opening brief included sufficient facts and argument to fairly present the issue to the appellate court).[8]

Likewise, Mr. Brooks's Opening Brief is devoid of any argument related to the substance of Claims One, Three, Five, and Eight. Mr. Brooks seems to concede as much, but nevertheless argues these claims were exhausted because the Colorado Court of Appeals necessarily considered them when affirming the denial of postconviction relief. Not so. In fact, the Colorado Court of Appeals specifically addressed *only* Claim Four, reasoning that "[o]n appeal, [Mr. Brooks] challenge[d] only the district court's summary dismissal of his allegation that counsel told him he could not withdraw his plea." And it expressly considered abandoned any other issue not asserted on appeal. Thus, Mr. Brooks's argument that the court implicitly addressed these claims is unavailing.

In sum, Mr. Brooks failed to fairly present Claims One, Two, Three, Five, and Eight to the state court, and reasonable jurists would not debate that the Magistrate Judge was entitled to dismiss them as unexhausted. And Mr. Brooks has made no

---

[8] Though not binding, we find unpublished decisions from this court to be persuasive. *See* 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").

effort to demonstrate an exception to the exhaustion requirement. Thus, he is not entitled to a COA on this issue.

### III. CONCLUSION

For the foregoing reasons, we deny a COA and dismiss the matter.

Entered for the Court


Carolyn B. McHugh
Circuit Judge