FILED
United States Court of Appeals
Tenth Circuit

August 3, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JASON BROOKS,

      Petitioner - Appellant,

v.

LOU ARCHULETA, Warden; CYNTHIA
COFFMAN, The Attorney General of the
State of Colorado,

      Respondents - Appellees.

No. 17-1171
(D.C. No. 1:14-CV-02276-CBS)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **O'BRIEN** and **BACHARACH**, Circuit Judges.
_____

Jason Brooks, a Colorado state prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's decision construing his Fed. R. Civ. P.

60(b) motion as an unauthorized second or successive 28 U.S.C. § 2254 petition and

dismissing it for lack of jurisdiction. We deny a COA and dismiss this matter.

In 2010, Brooks pled guilty to four counts of securities fraud and was sentenced to

32 years' imprisonment. As part of his plea, he also agreed to pay approximately

$5 million in restitution.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2014, Brooks filed his first § 2254 petition, *Brooks v. Archuleta*, No. 14-CV-2276 (D. Colo. filed Aug. 15, 2014) (*Brooks I*), which the district court dismissed in part and denied in part. In July 2015, we denied Brooks's application for a COA and dismissed the matter. *See Brooks v. Archuleta*, 621 F. App'x 921, 922, 928 (10th Cir. 2015).

In July 2015, at or about the time we denied his application for a COA in his first habeas proceeding, Brooks learned from a state court clerk that his unpaid restitution was subject to a monthly 1% interest charge under a Colorado statute. The following month, August 2015, Brooks filed his fourth motion for post-conviction relief in the trial court in which he presented the claim concerning the interest charge as a question of federal constitutional law. In particular, he argued that the breach of the plea agreement violated the due process clause of the Fourteenth Amendment. In January 2016, the court denied the motion.

Brooks, however, did not appeal the trial court's adverse ruling on his breach claim. Instead, he sought authorization from this court to file a second or successive habeas petition to press his claim that the plea agreement had been breached. We denied authorization because the claim had nothing to do with whether Brooks was innocent, which is required before a second or successive claim, not involving a new rule of constitutional law, can proceed. *See In re Brooks*, No. 16-1052, Order at 2 (10th Cir. Mar. 23, 2016), citing 28 U.S.C. § 2244(b)(2)(B) (a second or successive claim can proceed only where "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if

2

proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense").

Nonetheless, we noted that Brooks would not need authorization to proceed with his habeas claim if it were construed as a newly-arising objection to the state's alleged breach because a habeas petition asserting a newly accrued claim on events occurring after a prior petition is not second or successive. *See id.* at 3. Because the claim was susceptible to such construction, we considered whether the interests of justice favored a transfer of the matter to the district court. We concluded that transfer was unwarranted because Brooks's failure to exhaust the claim by timely appealing the trial court's order raised an anticipatory procedural bar. *See id.*, citing *Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014) ("Anticipatory procedural bar occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." (internal quotation marks omitted)).

Brooks returned to district court where he filed a second habeas action in which he raised his due process breach of plea bargain claim. *Brooks v. Archuleta*, No. 16-CV-895 (D. Colo. filed Apr. 20, 2016) (*Brooks II*). In a July 2016 order, the court held that Brooks's claim was not second or successive because it arose after the prior habeas action had concluded. Nonetheless, it dismissed the petition based on anticipatory procedural bar. We denied Brooks's request for a COA. *Brooks v. Archuleta*, No. 16-1344, 2017 WL 957182 (10th Cir. Mar. 13, 2017), *petition for cert. filed* (U.S. May 25, 2017) (No. 16-9434).

3

Brooks next filed in *Brooks II* a motion for relief from judgment under Fed. R. Civ. P. 60(b)(6).  The district court determined that the motion was a true Rule 60(b)—not a second or successive application—because it challenged the court's procedural ruling of anticipatory bar, which in turn precluded a merits determination of the habeas application.  *See Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005) (holding where a movant "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar" he is not stating or restating a habeas claim).  The court found, however, that Brooks failed to establish the extraordinary circumstances to justify relief under Rule 60(b), and denied the motion.  *See id.* at 535 (the "extraordinary circumstances justifying the reopening of a final judgment. . . . will rarely occur in the habeas context" (internal quotation marks omitted)).  Brooks did not appeal.

Instead, he filed a Rule 60(b)(6) motion in his first habeas case, *Brooks I*, raising claims in connection with the interest charge that were or could have been raised in *Brooks II*.  The court concluded that the Rule 60(b) motion constituted an attempt to file a second or successive § 2254 petition without prior authorization and dismissed the motion for lack of jurisdiction.  *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization.");  *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [§ 2254] application . . . is filed in the district court, the applicant shall move in the appropriate

4

court of appeals for an order authorizing the district court to consider the application.").

Brooks now seeks a COA to appeal from the court's order in *Brooks I*.

To appeal, Brooks must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). Where, as here, a district court has dismissed a filing on procedural grounds, for a COA the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We bypass the constitutional question because we can easily dispose of this matter based on the procedural one. *See id*. at 485.

A prisoner's post-conviction filing, regardless of its title, should be treated as a second or successive § 2254 petition if it seeks to present new claims for relief from a state court's judgment of conviction, *Gonzalez*, 545 U.S. at 531, and does not "seek[] to correct an error in the previously conducted habeas proceeding itself," *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). A Rule 60(b) motion "is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). Brooks clearly seeks to assert or reassert claims for relief from his state court judgment of conviction that were previously available (i.e. when he filed the habeas petition in *Brooks II*). As such, reasonable jurists could not debate that the district court was correct in its procedural determination that Brooks's Rule 60(b) motion was an unauthorized second or successive § 2254 petition.

5

Brooks's motion for leave to proceed on appeal without prepayment of costs or fees is granted. But only prepayment of fees is waived, not the fees themselves. *See* 28 U.S.C. § 1915(a)(1), (b). A COA is denied and this matter is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk