FILED
United States Court of Appeals
Tenth Circuit

March 13, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JASON BROOKS,

      Petitioner - Appellant,

v.

LOU ARCHULETA, Warden; CYNTHIA
COFFMAN, Attorney General of the State
of Colorado,

      Respondents - Appellees.

No. 16-1344
(D.C. No. 1:16-CV-00895-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

Jason Brooks, a Colorado state prisoner appearing *pro se*,[1] seeks a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas

petition. He also seeks leave to proceed *in forma pauperis*. Exercising jurisdiction under

28 U.S. § 1291 and 2253, we decline these requests and dismiss his appeal.

**BACKGROUND**

Brooks pleaded guilty to four counts of securities fraud and was sentenced to 32

years' imprisonment and ordered to pay $5,131,760.90 in restitution. In July 2015, while

imprisoned, Brooks received notice from a Colorado court clerk explaining that his

---

[1] Because Brooks appears *pro se*, we liberally construe his petition. *Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006).

restitution obligation was subject to Colo. Rev. Stat. § 18-1.3-603(4), which adds a monthly 1% interest charge. In August 2015, Brooks petitioned the Colorado trial court for post-conviction relief, raising claims of ineffective assistance of counsel and breach of the plea agreement. Both claims rested on no one having told him about the interest charge before he pleaded. The trial court denied relief because it determined that Brooks's claims were untimely and procedurally barred. Brooks bypassed direct review in the state courts and asked this court to authorize a second or successive habeas petition.[2] Although we denied authorization, we stated that if Brooks's claims arose from new events, his petition wouldn't be second or successive.

In March 2016, Brooks petitioned the Colorado trial court for post-conviction relief, claiming this time that the 1% interest made his sentence illegal. The trial court denied that relief after determining that Brooks had raised no new issues. Brooks appealed to the Colorado Court of Appeals. Before the Colorado Court of Appeals decided his appeal, he filed a habeas petition in federal district court. The federal district court dismissed his claim on failure-to-exhaust grounds. Brooks now seeks a COA to appeal the district court's denial of relief.

## DISCUSSION

Brooks must obtain a COA to appeal the district court's denial of habeas relief. 28 U.S.C. § 2253(c)(1). Unless Brooks makes "a substantial showing of the denial of a constitutional right," we will not grant a COA. § 2253(c)(2). A substantial showing

---

[2] Brooks had filed an earlier habeas petition that we dismissed on the merits. *See Brooks v. Archuleta*, 621 F. App'x 921 (10th Cir. 2015).

means "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)) (internal quotations omitted). Here, the district court denied Brooks's habeas petition on a procedural ground—failure to exhaust state remedies. When a district court denies a petition on procedural grounds without reaching the underlying claim, the substantial-showing standard still applies. *See id.* at 478. Thus, unless Brooks can show that reasonable jurists would debate "whether the district court was correct in its procedural ruling," we will not issue a COA. *Adams v. LeMaster*, 223 F.3d 1177, 1179 (10th Cir. 2000) (quoting *Slack*, 529 U.S. at 478) (internal quotation marks omitted).

## I.      Failure to Exhaust State Court Remedies

Brooks filed a habeas petition with the federal district court before the Colorado Court of Appeals reached a decision. Under the exhaustion-of-remedies requirement, a petitioner must present the federal issue "to the highest state court." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Because Brooks failed to present his claim to the highest Colorado court, we conclude that reasonable jurists could not debate the correctness of the district court's ruling that Brooks had failed to exhaust his state remedies. Even so, Brooks asserts that the district court erred by (1) incorrectly applying the law; (2) failing to defer to the state court's fact findings; and (3) failing to excuse the exhaustion requirement. Each of his arguments revolves around a central issue of whether the district court should have excused Brooks's failure to exhaust.

"Where a state has raised and preserved the issue of procedural default, federal courts generally do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). In support of his argument that the district court should have excused his failure to exhaust, Brooks asserts that he can show cause and prejudice because the factual basis for his claims—the 1% interest charge— was not reasonably available to him. Our review shows that the factual basis for Brooks's claims was reasonably available because it arose *before* he filed the post-conviction motions. Specifically, in July 2015, the factual basis arose when Brooks received the court clerk's notice. Therefore, by August 2015, when he filed for post-conviction relief, Brooks knew the claims' factual basis. In fact, he based his claims for post-conviction relief on the 1% interest charge. Thus, Brooks has failed to show cause for his failure to exhaust.

## II.    Leave to Proceed *in Forma Pauperis*

Brooks also filed a motion to proceed *in forma pauperis*. To receive *in forma pauperis* status, Brooks must show "a financial inability to pay the required [filing] fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (alteration in original) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)). We find no reasoned, nonfrivolous argument here and so we deny Brooks's motion to proceed *in forma pauperis*.

4

## CONCLUSION

For the reasons stated above, we DENY Brooks's request for a COA and his request to proceed *in forma pauperis* and DISMISS his appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge