**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 18, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JASON BROOKS,

      Petitioner - Appellant,

v.

LOU ARCHULETA, Warden; CYNTHIA
COFFMAN, Attorney General of the State
of Colorado,

      Respondents - Appellees.

No. 17-1177
(D.C. No. 1:16-CV-00895-LTB)
(D. Colo.)

_____

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

      Jason Brooks, a Colorado state prisoner proceeding pro se,[1] seeks a certificate

of appealability (COA) to challenge the district court's denial of his Federal Rule of

Civil Procedure 60(b) motion for relief from its judgment dismissing his 28 U.S.C.

§ 2254 habeas petition. Mr. Brooks also requests leave to proceed in forma pauperis.

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Mr. Brooks's filings because he is proceeding pro se.
_See Ogden v. San Juan Cty._, 32 F.3d 452, 455 (10th Cir. 1994). Nevertheless, a pro
se litigant must comply with fundamental procedural rules. _Id._ And our "rule of
liberal construction stops . . . at the point at which we begin to serve as his advocate."
_United States v. Pinson_, 584 F.3d 972, 975 (10th Cir. 2009).

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we decline both requests and dismiss this appeal.

## I.    BACKGROUND

In 2010, Mr. Brooks pleaded guilty in Colorado state court to four counts of securities fraud and was sentenced to 32 years' imprisonment. As part of his plea, he also agreed to pay over $5 million in restitution.

In 2014, Mr. Brooks filed his first 28 U.S.C. § 2254 petition challenging the legality of his conviction. The district court dismissed it in part and denied it in part. On appeal, we denied Mr. Brooks's application for a COA and dismissed the matter. *See Brooks v. Archuleta*, 621 F. App'x 921 (10th Cir. 2015) [hereinafter *Brooks I*] (unpublished).

In July 2015, Mr. Brooks received notice from a Colorado state court clerk that his unpaid restitution was subject to a monthly 1% interest charge under Colo. Rev. Stat. § 18-1.3-603(4). In August 2015, Mr. Brooks filed his fourth motion for post-conviction relief in the state trial court under Colorado Rule of Criminal Procedure 35(c). He claimed that his trial counsel was ineffective for failing to advise him about the interest charge, and that the State had breached the plea agreement by enforcing the interest charge in violation of his Fourteenth Amendment due process rights.

In January 2016, the trial court denied the Rule 35(c) motion as untimely, as procedurally barred because Mr. Brooks had filed at least three prior post-conviction motions challenging his conviction or sentence, and on the merits because it lacked authority to modify the statutory interest charge. Mr. Brooks did not file an appeal.

2

He instead filed in the trial court a motion to reconsider, which the trial court denied.

In February 2016, Mr. Brooks sought authorization from this court to file a second or successive habeas petition to pursue his claim that the State had breached the plea agreement. We denied authorization, but stated that if Mr. Brooks's claims arose from new events, then his petition would not be second or successive. *See In re Brooks*, No. 16-1052, Order at 2 (10th Cir. Mar. 23, 2016). Because his claim was susceptible to such a construction, we considered whether we should in the interests of justice transfer the matter to the district court. *Id.* at 3. In the end, we concluded that transfer was unwarranted because Mr. Brooks's failure to exhaust the claim by timely appealing the trial court's order raised an anticipatory procedural bar. *Id.* (citing *Frost v. Pryor*, 749 F.3d 1212, 1231–32 (10th Cir. 2014)).

In March 2016, Mr. Brooks filed in the state trial court another post-conviction motion under Rule 35(a), arguing that the assessment of interest made his sentence illegal. The trial court denied relief in April 2016, determining that Mr. Brooks had raised no new issues. Mr. Brooks then appealed to the Colorado Court of Appeals.

While that appeal was pending, Mr. Brooks commenced on April 20, 2016, a second habeas action in federal district court. He claimed that the State violated his constitutional due process rights when it breached the plea agreement in July 2015 by including post-judgment interest as part of the restitution award as required under Colorado law. In a July 2016 order, the district court concluded that Mr. Brooks's petition was not second or successive because it arose after the prior habeas action had concluded. *See Brooks v. Archuleta*, No. 16-cv-00895-GPG, 2016 WL 8914532,

3

at *2 (D. Colo. July 26, 2016) [hereinafter *Brooks II*]. But the court dismissed the petition as unexhausted and procedurally barred. *Id.* at *3. And it concluded that Mr. Brooks failed to establish cause and prejudice for his procedural default or that a failure to consider the claim would result in a fundamental miscarriage of justice. *Id.* at *4. In March 2017, a panel of this court denied Mr. Brooks's request for a COA because reasonable jurists could not debate whether the district court was correct in its procedural ruling. *Brooks v. Archuleta*, 681 F. App'x 705, 706–07 (10th Cir. 2017) (unpublished), petition for cert. filed, No. 16-9434.

Undeterred, Mr. Brooks returned to district court and filed a Federal Rule of Civil Procedure 60(b)(6) motion for relief from judgment. Mr. Brooks argued that the district court erred in concluding that his claim is procedurally barred. In support, he relied on a single sentence in the district court's July 2016 order that he misquoted and mischaracterized. Mr. Brooks also insisted this court erroneously denied his application for a COA "based on the merits of the wrong case."

The district court denied relief in April 2017. The court first determined that Mr. Brooks's motion was a true Rule 60(b) motion, and not a second or successive application, because in it Mr. Brooks challenged the court's procedural ruling that precluded a merits determination. *See Spitznas v. Boone*, 464 F.3d 1213, 1215–16 (10th Cir. 2006) (stating that a Rule 60(b) motion is a true Rule 60(b) motion if it "challenges only a procedural ruling of the habeas court which precluded a merits determination"). Next, the court concluded that Mr. Brooks failed to establish the extraordinary circumstances necessary to grant relief under Rule 60(b). Indeed, the

4

court explained, Mr. Brooks's argument is premised on a mischaracterization of the court's basis for dismissing his § 2254 petition. Thus, the court denied Mr. Brooks's motion. Mr. Brooks then filed a timely motion to reconsider, which the district court denied in May 2017. Mr. Brooks now appeals.

## II. ANALYSIS

Our review of the district court's denial of Mr. Brooks's Rule 60(b) motion depends on whether the motion should be treated as a second or successive habeas petition, as a "true" Rule 60(b) motion, or as a "mixed" motion. *Spitznas v. Boone*, 464 F.3d 1213, 1224–25 (10th Cir. 2006). A motion is treated as a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id.* at 1215. It is a "true" Rule 60(b) motion if it challenges either "a procedural ruling of the habeas court which precluded a merits determination of the habeas application," or "a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215–16. And a motion is "mixed" if it contains "both true Rule 60(b) allegations and second or successive habeas claims." *Id.* at 1217.

If we conclude the district court correctly treated the motion as a "true" Rule 60(b) motion and denied it, then the movant must obtain a COA before proceeding with his appeal. *Id.* at 1217–18. But if we decide the district court "incorrectly treated a second or successive petition as a true Rule 60(b) motion and denied it on the merits, we will vacate the district court's order for lack of jurisdiction and construe

5

the petitioner's appeal as an application to file a second or successive petition." *Id.* at 1219.

In his motion, Mr. Brooks argued the district court erred in concluding that his claim is procedurally barred. This is a "true" Rule 60(b) motion. *See id.* at 1216 ("[A] motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true 60(b) motion."). So Mr. Brooks must obtain a COA to proceed with his appeal of the denial of his motion.

We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, the applicant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition"—here, Mr. Brooks's 60(b) motion—"should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

Mr. Brooks moved for relief under Rule 60(b)(6), which allows a party to seek relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A movant seeking relief under this provision must "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). A movant must show that "circumstances are so unusual or compelling that extraordinary relief is warranted, or [that] it offends justice to deny such relief."

6

*Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (internal quotation marks omitted). "Such circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535. "This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved." *Id.* (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 873 (1988) (Rehnquist, C.J., dissenting)).

Here, reasonable jurists could not debate that Mr. Brooks fails to establish the existence of extraordinary circumstances justifying relief. In his Rule 60(b) motion, Mr. Brooks challenged the district court's July 2016 ruling that his § 2254 motion is procedurally barred. He premised his challenge on his assertion that the district court ignored the rule that "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). In support, he pointed to one line in the district court's order that he claimed shows the district court refused to defer to the state court's "factual determination" that his August 2015 Rule 35(c) motion was untimely and procedurally barred.

But as the district court observed, Mr. Brooks misreads and mischaracterizes the district court's order. In its order, the district court concluded that Mr. Brooks failed to exhaust an available state remedy by failing to appeal the state trial court's January 2016 order denying his August 2015 motion under Rule 35(c). Mr. Brooks maintained that the district court could not dismiss his petition for failure to exhaust "because the state court relied on independent and adequate state procedural grounds, a state statute of limitations and a bar on successive motions, to deny the Rule 35(c)

motion." *Brooks II*, 2016 WL 8914532, at *3. But the district court concluded that it "is not persuaded that the state court's determination that the Rule 35(c) motion Mr. Brooks filed in August 2015 was both untimely and procedurally barred excuses his failure to appeal to the Colorado Court of Appeals and fairly present his newly-arising federal constitutional claim to the state appellate courts." *Id.* Even though Mr. Brooks, as a pro se litigant, understandably misunderstands the quoted language, the district court did not decline to presume that the state court's factual determinations are correct. *See* § 2254(e)(1). Instead, the district court held the state court's ruling that Mr. Brooks's motion was untimely and procedurally barred did not excuse his failure to exhaust his state remedies. Because Mr. Brooks premised his Rule 60(b) motion on this misunderstanding, the district court denied relief. We conclude that no reasonable jurist could find fault with the district court's denial of Mr. Brooks's Rule 60(b) motion because it was based on a faulty premise and otherwise failed to show the existence of exceptional circumstances justifying relief.[2]

---

[2] Mr. Brooks also argued in his Rule 60(b) motion, and again in his request for a COA now before us, that we misconstrued the facts in our March 2017 order denying his request for a COA to appeal the district court's denial of his 28 U.S.C. § 2254 petition. Recall that the district court denied his petition as unexhausted because he failed to appeal the state trial court's January 2016 order. But, according to Mr. Brooks, we misconstrued that ruling, and instead concluded that he failed to exhaust his state remedies by filing his petition before the Colorado Court of Appeals had decided his appeal of the trial court's April 2016 order. Mr. Brooks raised this argument in his Petition for Rehearing with Suggestion of Rehearing En Banc after the panel issued its March 2017 order. The panel considered and rejected this argument. *See Brooks v. Archuleta*, No. 16-1344, Order at 1 (10th Cir. Apr. 5, 2017). We decline to reconsider it now.

As a final matter, Mr. Brooks also filed a motion to proceed in forma pauperis. To proceed in forma pauperis, Mr. Brooks must demonstrate "a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (internal quotation marks omitted). Even if we were to find that Mr. Brooks has a demonstrated inability to pay the required fees, he has not presented a nonfrivolous argument in support of the issues raised on appeal. We deny Mr. Brooks's motion to proceed in forma pauperis.

## III.    CONCLUSION

We DENY Mr. Brooks's request for a COA and dismiss this matter. We also DENY his request to proceed in forma pauperis.

ENTERED FOR THE COURT


Carolyn B. McHugh
Circuit Judge

9