**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 5, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JASON BROOKS,

        Petitioner - Appellant,

    v.

LOU ARCHULETA, Warden;
CYNTHIA COFFMAN, The Attorney
General of the State of Colorado,

        Respondents - Appellees.

No. 17-1460
(D.C. No. 1:16-CV-00895-LTB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

---

Before **BACHARACH**, **MURPHY,** and **MORITZ**, Circuit Judges.

---

Proceeding *pro se,* Jason Brooks seeks a certificate of appealability

("COA") from this court so he can appeal the district court's denial of the motion

he filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See*

*Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006) (holding a petitioner

must obtain a COA before he can appeal from the denial of a "true" Rule 60(b)

motion). Brooks also seeks authorization to proceed *in forma pauperis* on appeal.

The matter currently before this court began on April 20, 2016, when

Brooks filed an application for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 in federal district court. The district court dismissed the habeas petition

on July 26, 2016, concluding the claim raised by Brooks was unexhausted and

procedurally barred.[1]  In March 2017, Brooks's request for a COA was denied by

---

[1]Specifically, Brooks filed a Colorado Rule 35(c) post-conviction motion on August 10, 2015, raising the issue he raised in this federal habeas petition. The Colorado trial court denied the Rule 35(c) motion, concluding it was untimely and the claim was procedurally barred.  Brooks did not appeal the denial of the motion.  The federal district court concluded Brooks's failure to appeal resulted in his failure to exhaust an available state remedy.  The district court found exhaustion is futile because the time to file an appeal has expired.

Brooks's repeated attempts to obtain relief pursuant to Rule 60(b)(6) appear to be based on his misreading—whether willful or otherwise—of the holding in *Anderson v. Sirmons*, 476 F.3d 1131 (10th Cir. 2007).  In that matter, exhaustion of a federal habeas petitioner's ineffective assistance claim was futile because he was procedurally barred from bringing it in Oklahoma state court.  *Id*. at 1136-37. The federal district court went on to analyze whether the unexhausted claim was procedurally barred in federal court.  *Id*. at 1137 (citing *James v. Gibson*, 211 F.3d 543, 550 (10th Cir. 2000) for the proposition that "[e]ven if a failure to exhaust is excused, . . . claims may otherwise be procedurally barred").  After determining the state of Oklahoma had not shown the state procedural bar was evenhandedly applied, the federal district court ruled the claim was not procedurally barred and addressed it on the merits.  *Id*. at 1137.  *Anderson* most certainly does *not* stand for the proposition espoused by Brooks—i.e., that the federal courts must consider the merits of an unexhausted claim if exhaustion is futile because of a state procedural bar.  Such a claim is procedurally barred in federal court unless the state procedural bar is not adequate and independent. *Coleman v. Thompson*, 501 U.S. 722, 731-32, 750 (1991).  If the state procedural bar is determined to be adequate and independent, "federal habeas review of the claims is barred unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Id*. at 750.  In its order dismissing Brooks's § 2254 petition, the district court fully examined all of these issues before concluding Brooks's claim is procedurally barred.  Although the reasoning behind the district court's dismissal of Brooks's § 2254 habeas petition has been clearly explained to him multiple times, both by the district court and this court, he continues to seek relief pursuant to Rule 60(b)(6).  The district court may, in its discretion, consider the propriety of imposing filing restrictions on Brooks.

this court and his appeal was dismissed. *Brooks v. Archuleta*, 681 F. App'x 705, 707 (10th Cir. 2017). Brooks returned to district court and filed a motion seeking relief from that court's July 2016 judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. The motion was denied by the district court and this court denied Brooks's request for a COA. *Brooks v. Archuleta*, 702 F. App'x 790, 793 (10th Cir. 2017).

Brooks filed a second Rule 60(b)(6) motion in district court on December 11, 2017. In this motion, he argued the federal claim raised in his § 2254 petition is exhausted because the substance of the claim was presented to the Colorado Court of Appeals in state post-conviction proceedings he initiated on March 7, 2016.[2] The district court disagreed, concluding the state post-conviction proceedings referenced by Brooks were not completed until nearly a year after Brooks's § 2254 petition was dismissed. Further, the court noted, Brooks previously asserted in this matter that the state post-conviction proceeding involved only state law issues that "will never have anything to do with" the claims raised in his § 2254 petition. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam) (holding a claim raised in a state-court proceeding must be presented to that court as a federal constitutional claim or it is not exhausted for

---

[2]On March 7, 2016, Brooks filed a state post-conviction motion which was denied by the state trial court on April 4, 2016. At the time Brooks filed his § 2254 petition on April 20, 2016, his appeal to the Colorado Court of Appeals from the state trial court ruling was still pending. The Colorado Court of Appeals denied relief in June 2017.

federal habeas corpus purposes).  Accordingly, the district court denied Brooks's Rule 60(b)(6) motion.

This court cannot grant Brooks a COA unless he can "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotation omitted).  Brooks is not required to demonstrate that his appeal will succeed to be entitled to a COA.  He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).  A movant seeking relief under Rule 60(b)(6) must "show extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quotation omitted).  "Such circumstances will rarely occur in the habeas context." *Id*.

This court has reviewed Brooks's application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court and concludes Brooks is not entitled to a COA.  Reasonable jurists could not debate the district court's conclusion that Brooks has failed to establish the existence of extraordinary circumstances justifying Rule 60(b)(6) relief from the July 2016 ruling that the claim raised in his § 2254 petition is procedurally barred.  Because Brooks has not "made a substantial showing of the denial of a constitutional right," he is not entitled to a COA.  28 U.S.C. § 2253(c)(2).

This court **denies** Brooks's request for a COA and **dismisses** this appeal. Brooks's request to proceed in forma pauperis in this matter is **denied** and we remind him of his responsibility to immediately pay the unpaid balance of the appellate filing fee.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge