**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 5, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JASON BROOKS,

    Plaintiff - Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS; RICK RAEMISCH,
CDOC Executive Director; TERESA
REYNOLDS, CDOC Legal access
program and litigation manager; LEEANN
PUGA, FCF Law Librarian, and DOES 1-
50; YVETTE BROWN, FCF Law
Librarian; RICK RAEMISCH, Executive
Director; JOEL STRICKLER, Hearings
Officer and Lieutenant; MS. PRIETO, FCF
Hearings Officer and Lieutenant; JAY
HUDSON, Major at the FCF and ADA
Inmate Coordinator; LEWIS T.
BABCOCK, United States District Judge
for the District of Colorado; GORDON P.
GALLAGHER, United States Magistrate
Judge for the District of Colorado; DOES
11-50,

    Defendants - Appellees.

No. 18-1266
(D.C. No. 1:17-CV-02190-CMA)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Before **McHUGH**, **BALDOCK**, and **O'BRIEN**, Circuit Judges.
_____

Jason Brooks, a state prisoner proceeding pro se, filed this action under 42 U.S.C. § 1983 alleging the Colorado Department of Corrections (CDOC) and various State and CDOC officials violated his constitutional rights by obstructing his access to the courts and taking other actions against him. The district court dismissed his claims under 28 U.S.C. § 1915(e) as legally frivolous and Brooks appealed. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we agree with the district court's conclusion and dismiss this appeal as frivolous. Because the appeal is frivolous, we also deny Brooks' motion to proceed in forma pauperis (IFP) on appeal and assess a "strike" under 28 U.S.C. § 1915(g).

## BACKGROUND

Brooks was a prisoner at the CDOC's Fremont Correctional Facility (FCF) when he brought this action. He is an active pro se litigator who also assists fellow inmates with legal work. This is his ninth appeal to this court and his second appeal in this action.

Brooks filed this action in September 2017, alleging in a four-page complaint that the CDOC, its executive director and legal access coordinator, an FCF law librarian, and 50 unidentified "John Does" were violating his and a fellow inmate's First Amendment rights by obstructing their access to the courts and were retaliating

2

against Brooks for engaging in protected litigation activities.[1] In a simultaneously filed motion for preliminary injunction, Brooks described the alleged obstruction and retaliation, asserted the FCF did not provide inmates with adequate access to the law library, and sought to enjoin enforcement of CDOC legal access and assistance policies he claimed were obstructing inmates' constitutional right to access the courts.[2] Brooks also requested that the district court order the defendants to vacate the discipline he received for violating CDOC policy by performing legal work for a fellow inmate without that inmate being present with him in the law library and to restore files the FCF librarian had deleted from his digital folder on the law library computer based on the challenged policies. The district court denied Brooks' motion, initially and on reconsideration. Brooks appealed this denial, and we affirmed. *See Brooks v. Colo. Dep't of Corr.*, 730 F. App'x 628 (10th Cir. 2018).

While Brooks' motion for preliminary injunction was pending, the district court ordered Brooks to cure deficiencies in his complaint. It also granted Brooks' request to proceed IFP, that is, without prepayment of the district court's filing fees, under 28 U.S.C. § 1915.

---

[1] The complaint also identified Jamie Valdiviezo-Perea, an inmate Brooks was helping on a legal matter, as a co-plaintiff, but the district court dismissed him from the suit shortly after it was filed for failing to respond to the court's orders. For ease of reference, we refer to Brooks as the plaintiff in this action from its inception.

[2] According to Brooks, the challenged policies require inmates to be present in the law library together if they wish to collaborate on legal work, require them to consent to have librarians read their legal documents if they wish to use the library's word-processing software, and place restrictions on the type and length of documents inmates can copy or print in the law library.

3

After receiving several extensions of time, Brooks filed a 30-page amended complaint that named a dozen additional defendants, including two state court judges, but was incomplete on its face because, among other things, it did not include any claims for relief. In a simultaneously filed second motion for preliminary injunction, Brooks explained his amended complaint was incomplete because FCF library staff, per CDOC policy, had only permitted him to print 30 pages of his 70-page complaint.[3] He requested that the district court order the CDOC to allow him to print and file his complete amended complaint, and detailed the twelve claims it included.

After reviewing the incomplete amended complaint and Brooks' intended claims as set forth in his preliminary injunction motion, the district court ordered Brooks to file a second amended complaint that complied with federal pleading requirements, was on the proper court-approved form and, per the court's instructions on that form, was no longer than 30 pages in length. It also denied Brooks' preliminary injunction motion and overruled his subsequent objection to the 30-page limit on his complaint.

Brooks filed a second amended complaint that complied with the 30-page requirement. In it, he asserted eight claims relating to legal access issues against the CDOC, eight individual State, CDOC, and FCF officials (collectively, "individual State defendants"), and John Does, as well as a claim against the federal magistrate and district court judges alleging they had unconstitutionally deprived him of court access and equal protection by limiting the length of his complaint. Brooks sought

---

[3] Brooks later reported his intended complaint was 72 pages.

compensatory and punitive damages and declaratory and injunctive relief on his claims.

Because it had granted Brooks IFP status, the district court reviewed Brooks' complaint to determine if it was frivolous or otherwise required dismissal under 28 U.S.C. § 1915(e)(2)(B). Based on this review, the district court dismissed Brooks' seven federal claims because they were legally frivolous and, in some cases, were also barred by Eleventh Amendment immunity. It further declined to exercise supplemental jurisdiction over Brooks' two state law conspiracy claims and therefore dismissed his complaint. The district court also denied Brooks leave to proceed IFP on appeal and certified under § 1915(a)(3) that an appeal would not be taken in good faith. Brooks timely appealed and also seeks leave to proceed IFP on appeal.[4]

## DISCUSSION

On appeal, Brooks challenges the district court's orders limiting his second amended complaint to 30 pages and its dismissal of certain of his claims. We address each issue in turn.

### A. Page Limitation

Brooks argues the district court improperly enforced CDOC's 30-page printing limitation against him and violated his constitutional right to access the courts when it directed him to file a second amended complaint of no more than 30 pages. He asserts

---

[4] Because the district court dismissed Brooks' second amended complaint before it was served, the defendants did not participate in the district court proceedings and are not participants in this appeal.

there is no rule or authority supporting a page limit on a complaint and that he was prejudiced because the court-ordered page limit forced him to drop several of his intended claims and omit allegations that would have prevented the court from dismissing his remaining claims.

We review a court-ordered page limitation for abuse of discretion, *see Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1112 (10th Cir. 2007), and conclude the district court acted well within its discretion in ordering Brooks to limit his second amended complaint to 30 pages. The basis for its order was the court's local rules governing the format and length of complaints filed by unrepresented prisoners asserting claims under § 1983. *See* D. Colo. Civ. R. 5.1(c) (ordering unrepresented prisoners to use "the procedures, forms, and instructions posted on the court's website" in formatting and filing pleadings). As the district court advised Brooks, *see* R. Vol. I at 43, the instructions to the form complaint on the district court's website provide that "[a]bsent prior order of the court, the total length of the Prisoner Complaint, including the form and all additional pages, may not exceed thirty pages." Information and Instructions for Filing a Prisoner Complaint, http://www.cod.uscourts.gov/CourtOperations/RulesProcedures/Forms.aspx# PrisonerDetainee (link to "Prisoner Complaint 1983 Instructions") (last visited February 1, 2019).

The district court further found Brooks had failed to demonstrate good cause for an exception to the 30-page limitation. The district court based this conclusion on its findings that: (1) Brooks' detailed statement of his intended claims in his preliminary injunction motion did not satisfy Rule 8's requirement that he provide a short and plain

6

statement of each claim showing he was entitled to relief, *see* Fed. R. Civ. P. 8(a); and (2) these claims, which addressed such disparate subjects as prison law library policies and procedures, prison disciplinary proceedings, state court postconviction proceedings, medical care, and a prison job assignment, were not properly joined in a single lawsuit against all of the named defendants, *see* Fed. R. Civ. P. 20(a)(2) (limiting circumstances in which multiple defendants can be joined in a single action). Based on our review of Brooks' intended claims, we find no abuse of discretion in this determination and the district court's consequent order requiring Brooks to comply with the 30-page limitation per the court's local rules.

We also reject Brooks' constitutional challenge to the 30-page limitation ordered by the district court. First, Brooks cites no authority for the proposition that this page limit violated his constitutional rights and we are aware of none. Second, we are not persuaded by Brooks' argument that the page limitation violated his right to access the courts because it prevented him from alleging specific facts sufficient to show that his claims stated a claim. Brooks' 30-page second amended complaint still contains many repetitive and/or unnecessary allegations that could have been omitted to make room for other, more relevant factual allegations. Further, Brooks fails to identify the specific allegations he would have included but for the 30-page limit and how they would have cured the deficiencies that led the district court to dismiss his complaint. And, as discussed in more detail below, Brooks must show he was prejudiced by the 30-page limitation to demonstrate a violation of his right to access the courts. He has not done so.

Accordingly, Brooks' constitutional challenge to the district court's page limitation is meritless.

## B. Dismissal under § 1915(e)

Brooks argues the district court erred in dismissing his claims that the defendants violated his constitutional right to access the courts and retaliated against him for engaging in protected activities.[5] The district court dismissed these claims as legally frivolous for a variety of reasons, including that Brooks failed to allege essential elements of some claims, asserted non-existent rights in others, and in some instances asserted claims barred by Eleventh Amendment immunity.

A claim is frivolous "where it lacks an arguable basis either in law or in facts." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This standard is met where the plaintiff asserts facts that do not support an arguable claim, asserts the violation of a legal interest that clearly does not exist, or asserts claims against which the defendants are clearly immune from suit. *See id.* at 327-28. We review dismissals for frivolousness for abuse of discretion, but where, as here, the district court's frivolousness

---

[5] Brooks does not offer argument challenging the district court's dismissal of Claim Four, a Fourteenth Amendment failure to train and supervise claim against certain individual State defendants and unidentified John Does, and Claim Eight, in which he alleged the magistrate judge and district court judge violated his constitutional rights. He also did not challenge the district court's decision declining to exercise supplemental jurisdiction over the conspiracy claims asserted in Claims Six and Seven. Accordingly, Brooks has forfeited appellate review of the district court's dismissal of these claims. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue.").

determinations turn on legal issues, we review those decisions de novo. *See Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003); *see also El Encanto, Inc. v. Hatch Chile Co.*, 825 F.3d 1161, 1162 (10th Cir. 2016) ("[A] district court always abuses its discretion when it errs on a legal question, and we decide the presence or absence of legal error de novo."). We construe Brooks' filings liberally in our review because he is acting pro se, but we will not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### 1. Eleventh Amendment immunity

Brooks disputes the district court's holding that some of his claims are barred by the Eleventh Amendment, which grants the States and their agencies immunity from suit in federal courts unless the State has waived this immunity or Congress has abrogated it. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195-96 (10th Cir. 1998). This immunity extends to damage claims asserted against state officials acting in their official capacity. *See id.* at 1196. Brooks' second amended complaint names eight individual State defendants, all of whom are sued in their official capacity, with six sued in their individual capacities as well. Brooks seeks damages in the eight claims he asserts against all or some of these defendants.

The district court dismissed Brooks' claims for damages against the CDOC and the individual State defendants in their official capacities on grounds of Eleventh Amendment immunity, as it has done in other § 1983 actions brought by Brooks. *See, e.g.*, *Brooks v. Colo. Dep't of Corr.*, No. 13-CV-02894-CBS, 2014 WL 5315000, at *6 (D. Colo. Oct. 17, 2014). Although Brooks challenges this decision, he offers no

supporting argument other than to declare that Eleventh Amendment immunity may be waived by a state or abrogated by Congress. But Colorado has not waived its immunity from prisoner civil rights actions, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988) (per curiam), and Congress did not abrogate states' Eleventh Amendment immunity in enacting § 1983, *see Ellis*, 163 F.3d at 1196. Brooks also declares he did not sue the individual State defendants for damages in their official capacities, but his complaint is not so limited. The district court properly determined the damages claims against the CDOC and individual State defendants in their official capacities are barred by Eleventh Amendment immunity and legally frivolous.

### 2. Dismissal of court access and retaliation claims

The district court concluded the remainder of Brooks' court access and retaliation claims were legally frivolous and therefore subject to dismissal for a number of reasons. To affirm dismissal of these claims, we need only consider one of these reasons: the district court's finding that Brooks failed to assert facts that state an arguable claim either because he failed to include essential allegations or asserted constitutional rights that do not exist.

### a. Standard of review

In reviewing whether Brooks stated an arguable claim for denial of court access or retaliation we consider whether he has alleged facts sufficient to "state a claim to relief that is plausible on its face," taking all of Brooks' well-pleaded facts, but not conclusory

allegations, as true and construing them in the light most favorable to him.[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Acosta v. Jani-King of Okla., Inc.*, 905 F.3d 1156, 1158 (10th Cir. 2018). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A failure to state a claim is legally frivolous if the claim lacks an arguable basis in law. *See Neitzke*, 490 U.S. at 328.

Brooks begins his challenge to the district court's dismissal of these claims by arguing that the court improperly held him to a heightened pleading standard, pointing to the court's direction that he needed to "make clear exactly *who* is alleged to have done *what* to *whom*, . . . as distinguished from collective allegations" for his § 1983 claims to pass muster. R. Vol. 1 at 45 (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) (internal quotation marks omitted)). Brooks contends this is a summary judgment standard but in fact it is the standard by which we review complaints asserting § 1983 claims against multiple defendants, based on the Supreme Court's guidance in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See, e.g.*, *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011); *Robbins v. Okla. ex rel. Dep't of*

---

[6] Brooks asserts that our recitation of this standard of review in other appeals in which we reviewed Brooks' pleadings indicates that we believe his complaints are well-pleaded and that he has mastered the federal pleading rules. Opening Br. at 17. He is mistaken. This is the standard of review we apply to determine the sufficiency of all pleadings and our statement of it does not connote that the pleadings in question are sufficient and otherwise comply with the federal rules.

*Human Servs.,* 519 F.3d 1242, 1249-50 (10th Cir. 2008).  The district court did not err in advising Brooks of this standard or applying it to his claims.

### b. Court access claims

Brooks asserted four claims in which he alleged all or some of the defendants violated his constitutional right to access the courts in various ways.  In the first and broadest of these claims, Brooks alleges CDOC's legal access policies violate his First Amendment right to access the courts because they allow FCF to maintain an inadequate law library, limit inmate access to the library and to word processing, printing and copying equipment there, allow library staff to review inmate documents, and do not provide inmates with a reasonable means of helping each other with legal work.  But as Brooks knows from our decision in his previous appeal in this case, *see Brooks*, 730 F. App'x at 631-32, to state a claim for denial of the constitutional right of access to the courts he was required to allege more than that the prison library or legal access policies are "subpar in some theoretical sense."  *Lewis v. Casey,* 518 U.S. 343, 351 (1996).  To state this claim Brooks was required to allege "actual injury" to his right to access the courts, that is, to allege facts showing how the allegedly deficient law library and challenged CDOC policies impaired his ability to pursue a nonfrivolous claim.  *Id.* at 349, 351, 353 & n.3 (requiring that "the alleged shortcomings" actually hinder a prisoner's "efforts to pursue a legal claim" that is not frivolous)*; Trujillo v. Williams*, 465 F.3d 1210, 1226 (10th Cir. 2006) (holding prisoner must "show that any denial or delay of access to the court prejudiced him in pursuing litigation" (internal quotation marks omitted)).

12

Brooks did not sufficiently allege actual injury. His general allegations that he failed to prevail in his collateral attacks on his conviction and restitution order as a result of the challenged policies and their implementation by FCF staff are too vague and conclusory to state an arguable claim. He further suggested in his complaint that CDOC's policies prevented him from timely challenging his criminal conviction, but not only did he fail to explain how the policies interfered with his ability to timely bring such claims, our review indicates that his federal habeas actions were actually denied on the merits or because Brooks failed to exhaust his remedies in state court. *See, e.g., Brooks v. Archuleta*, 621 F. App'x 921, 925-28 (10th Cir. 2015); *Brooks v. Archuleta*, 681 F. App'x 705, 706 (10th Cir.), *cert. denied*, 138 S. Ct. 132 (2017).[7] Brooks' allegation that he was unable to file "at least three different U.S. Supreme Court Certiorari briefs," R. Vol. I at 54, also fails to allege actual injury because he again did not explain how the challenged policies and actions prevented him from filing these briefs or that the claims he wished to bring before the Supreme Court were nonfrivolous. *See McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001) (holding plaintiff failed to allege actual injury on similar grounds). Brooks contends the required specific allegations were included in his 72-page amended complaint, but we

---

[7] To the extent Brooks is asserting that CDOC's legal access policies prevented him from exhausting his claims in state court, he fails to explain in his second amended complaint or his other filings in the district court how this is so. We also observe, as we did in affirming the district court's denial of Brooks' motion for preliminary injunction, *see Brooks*, 730 F. App'x at 632, that the challenged CDOC policies have not prevented Brooks from presenting this court and the district court with lengthy and detailed arguments on the issues presented.

13

see the same failings in the incomplete version of his first amended complaint and the detailed account of the omitted portion of this complaint he provided in his second preliminary injunction motion. For these reasons, the district court properly found Brooks' first court access claim was legally frivolous.

Brooks also included two claims in his second amended complaint in which he alleged various defendants violated his First Amendment rights because FCF law librarians allegedly read legal documents he created and stored on FCF's law library computers and deleted or required Brooks to delete some of these documents. The district court construed these claims as alleging interference with Brooks' right to access the courts, and held they were frivolous because he again failed to allege specific facts describing any nonfrivolous legal claim he was unable to pursue as a result of the named defendants' alleged actions. We agree.[8]

Brooks' final court access claim alleges certain defendants interfered with his constitutional right to work as a "jailhouse lawyer" for other inmates. The district court properly dismissed this claim as legally frivolous because our precedent establishes that Brooks has no such constitutional right. *See Smith v. Maschner*, 899 F.2d 940, 950 (10th Cir. 1990); *cf. Shaw v. Murphy*, 532 U.S. 223, 231 (2001) (declining "to cloak the provision of legal assistance [by prisoners] with any First Amendment protection above

---

[8] Brooks also asserted in one of these claims that the librarians' actions violated his Fourth Amendment rights. The district court dismissed this claim for failure to state a claim, holding that prisoners do not have a reasonable expectation of privacy in files contained on a prison library computer and hence cannot invoke the Fourth Amendment's protection against unreasonable searches and seizures. Brooks does not challenge this decision on appeal and hence we do not address it. *See Bronson*, 500 F.3d at 1104.

14

and beyond the protection normally accorded prisoners' speech" because "it is indisputable that inmate law clerks are sometimes a menace to prison discipline" (internal quotations omitted)).[9]

Brooks also cites several Supreme Court decisions in support of his alleged constitutional right to provide legal assistance to other inmates but his reliance on these cases is misplaced. In *Johnson v. Avery*, 393 U.S. 483 (1969), the Supreme Court did not address whether an inmate has a constitutional right to provide legal assistance to other inmates but rather whether a prison could absolutely bar inmates from providing this assistance. *See id.* at 490 (holding a prison may place reasonable restrictions on jailhouse lawyering but may not prevent an inmate from receiving assistance from other inmates in preparing petitions for post-conviction relief unless it provides reasonable alternatives to assist them). Similarly, in *Bounds v. Smith*, 430 U.S. 817 (1977), the Court held only that a prison must assist inmates in the preparation and filing of meaningful legal papers in order not to infringe on each inmate's constitutional right of access to the courts, while also recognizing that this assistance may take many forms. *See id.* at 828, 830-32. The Court expanded on the limited nature of this holding in *Lewis*, 518 U.S. at 350-51, leading us to inform Brooks in his previous appeal in this action:

> The right to access the courts does not . . . guarantee inmates "the right to a law library or to legal assistance," but merely to "the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." . . . The right "guarantees no particular methodology but rather the conferral of a capability—the

---

[9] To the extent *Scott v. Coughlin*, 344 F.3d 282, 288 (2d Cir. 2003), cited by Brooks, supports this proposition, it is contrary to the governing law in this circuit. *See Smith*, 899 F.2d at 950.

capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."

*Brooks*, 730 F. App'x at 631 (quoting *Lewis*, 518 U.S. at 350-51, 356 (internal quotation marks omitted)). Nothing in these decisions suggests a jailhouse lawyer such as Brooks has a constitutional right to provide the assistance these cases describe.

### c. Retaliation claim

Brooks asserts the named defendants retaliated against him for acting as a jailhouse lawyer on behalf of another inmate, in violation of the First and Fourteenth Amendments.[10] To state such a claim, Brooks was required to allege, among other things, that the defendants retaliated against him for engaging in a constitutionally protected activity. *See Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). Brooks failed to state an arguable retaliation claim because, as just described, acting as a jailhouse lawyer is not a constitutionally protected activity. *See Smith*, 899 F.2d at 950.

### CONCLUSION

We conclude the district court properly dismissed Brooks' claims as frivolous and as a result this dismissal counts as a "strike" under 28 U.S.C. § 1915(g). *See Jennings v. Natrona Cty. Det. Ctr. Med. Facility,* 175 F.3d 775, 780 (10th Cir. 1999), *overruled on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). We further conclude Brooks' appeal is frivolous under § 1915(e)(2)(B)(i) and therefore dismiss this appeal and assess another strike. We remind Brooks that if he accrues

---

[10] In his brief, Brooks also alleges the defendants retaliated against him for bringing this action, but this is not what he alleged in his complaint.

16

three strikes, he may not proceed IFP in civil actions before federal courts unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g). Because his appeal is frivolous, we also deny Brooks' motion to proceed IFP on appeal. *See DeBardeleben v. Quinlan,* 937 F.2d 502, 505 (10th Cir. 1991).  Brooks is directed to make immediate payment of the unpaid balance of his filing fee.

Entered for the Court


Bobby R. Baldock
Circuit Judge